No. 15,243.

COLLINS *v.* HANEBUTH ET AL.
(133 P. [2d] 536)

Decided January 11, 1943. Rehearing denied February 1, 1943.

Mr. Milton C. Garwood, Mr. Omar E. Garwood, for plaintiff in error.

Mr. Malcolm Lindsey, Mr. Wayne D. Williams, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear in the same order as in the trial court. They are hereinafter referred to as Collins, Hanebuth, and the city, respectively.

The question presented is the validity of an act performed by Hanebuth as an official of the city.

The "Manager of Safety and Excise" was empowered to issue and revoke licenses to operate hotels. In the absence of the duly appointed manager, Hanebuth was discharging the duties of that office by designation of the mayor, the appointing power. On complaint made against Collins for illegal operation of her hotel, a hearing was had before Hanebuth and her license was revoked. To test the legality of that revocation she filed her "Complaint (to review proceedings for revocation of license, and for declaratory judgment)" praying that the police be restrained from carrying out the order of revocation and from interfering with Collins in the conduct of her hotel business, and "that a declaratory judgment be entered herein," etc. The prayer also contained a demand that Hanebuth file a transcript of the proceedings before him.

The first defense of Hanebuth's answer was a motion to dismiss "because the complaint fails to state a claim against defendants upon which relief can be granted." The second defense consisted of the proper admissions and denials and in support thereof there was attached a duly certified transcript of the proceedings had before Hanebuth in the matter of the revocation. The third defense set forth that Collins' license was issued by Hanebuth under the same authority by which it was revoked, and alleged that by reason thereof Collins was estopped to deny the power to revoke.

The motion to dismiss was sustained by the court and judgment entered accordingly. To review that judgment this writ is prosecuted and the only question presented by the specifications is the authority of Hanebuth to act. We have elected to finally dispose of it on the application for supersedeas.

The questioned order of revocation was entered "by Acting Manager of Safety and Excise A. Hanebuth." The contention of counsel for Collins is that since the charter of the city creates no such office as *"Acting* Manager of Safety and Excise" the mayor could appoint no such officer, hence Hanebuth was not such officer and all his pretended · acts in that capacity are void. The position of Hanebuth and the city is that Hanebuth was de facto Manager of Safety and Excise, and as such his order of revocation was valid, but that, irrespective of the correctness of that position, Collins can not prevail in this suit because this is a collateral attack upon the authority of Hanebuth.

Because of the probability that hundreds of alleged official acts performed by Hanebuth could with equal propriety be drawn in question if Collins' position here be sustained, we deem it advisable to ignore the questions of collateral attack, declaratory judgment, and estoppel, and dispose of this writ on the only theory which can give our judgment any practical value as a precedent, i. e., the status of Hanebuth as a de facto

official, because it is unquestioned that if he was such his order of revocation must stand.

 If Hanebuth assumed there was such an office as "Acting Manager of Safety and Excise," that he was occupying that office, and that as such officer he revoked the Collins license, that revocation was, of course, unauthorized. We think the theory that he did so is fanciful, the record to support it shadowy, and the argument to maintain it resourceful but illogical. The first answer to it is that "acting" is not, as counsel assume, a noun, but an adjective. It describes what Hanebuth *was doing,* not what he *was.* The second is that the phrase intrinsically implies the word "as" and hence it should be read "acting *as* Manager of Safety and Excise." Therefore, Hanebuth was a de facto officer. In support of this conclusion we deem authority superfluous, but if otherwise, the following will suffice. *State v. Morris,* 230 Mo. 631, 132 S. W. 590; 1 C.J., p. 913, §2; *State ex rel. v. O'Grady,* 137 Neb. 824, 291 N.W. 497. That the act of such an officer was, under the circumstances, impregnable to the attack made upon it by Collins seems indisputable. *Butler v. Phillips,* 38 Colo. 378, 381, 88 Pac. 480.

The judgment is affirmed.